LEONARD C. ALOI, Respondent, v NATIONAL STAFFING, INC., et al., Defendants, and DEBORAH RUSSO, Appellant. [903 NYS2d 19]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered September 2, 2009, which denied defendant Russo's motion for summary judgment dismissing the amended complaint and for sanctions, unanimously affirmed, without costs.

This is not one of those rare cases where reasonable reliance can be determined on a motion for summary judgment, as in *Global Mins. & Metals Corp. v Holme* (35 AD3d 93, 99 [2006], *lv denied* 8 NY3d 804 [2007]). This was neither an arm's length transaction between strangers nor a circumstance where plaintiff was placed on notice that something was amiss or had information publicly available to him about the transaction. Rather, plaintiff asserts that in factoring the invoices, he relied on representations made by Russo, his niece. We cannot state that such reliance was unreasonable as a matter of law (*see Braddock v Braddock*, 60 AD3d 84, 93 [2009]).

Whether plaintiff was actually damaged by Russo's representations presented an issue of fact. The record includes a list of invoices that plaintiff claims were improperly double-factored due to those representations, as well as the promissory notes assigned to him after he made payments on them. While plaintiff may have voluntarily paid the lenders, he alleged that he was a

nominee acting in their financial interest. Therefore, it cannot be determined as a matter of law that plaintiff is foreclosed from recovering the sums he paid to the noteholders.

A further issue of fact had to do with Russo's scienter, as evidenced by sworn testimony and an affidavit pointing to her admission that she had knowingly sent already-factored invoices to plaintiff, and made statements evincing her knowledge of what had occurred (*see Fidelity & Deposit Co. of Md. v Arthur Andersen & Co.*, 131 AD2d 308 [1987]). To the extent she challenges evidence submitted by plaintiff in opposition to the motion because it was not provided in discovery, we find that to have been properly considered on the motion for summary judgment.

Plaintiff is not estopped from pursuing his fraud claim against Russo because his similar claims in a bankruptcy proceeding against defendant Kenneth Farrell, Sr. were dismissed with prejudice pursuant to a stipulation (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]).

There is insufficient evidence in the record to determine whether plaintiff's failure to provide certain records in discovery was willful and deliberate, or whether he actually turned over the bank statements as he now claims. Dismissal of the complaint is a drastic remedy that is not warranted here.

Denial of sanctions was proper in the absence of a showing that the complaint was completely devoid of merit. Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.